NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ARTERIA DAWSON, *Appellant.*

No. 1 CA-CR 17-0803
FILED 4-11-2019

Appeal from the Superior Court in Maricopa County
No. CR2016-002153-001
The Honorable Michael D. Gordon, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Offices of Stephen L. Duncan P.L.C., Scottsdale
By Stephen L. Duncan
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Randall M. Howe joined.

**C R U Z**, Judge:

¶1        Arteria Dawson ("Dawson") timely appeals from his convictions and sentences for fraudulent schemes and artifices, a class two felony, count 1; forgery, a class four felony, counts 2-10, and 15; theft, a class one misdemeanor, count 12; and possession or use of dangerous drugs, a class four felony, count 27.  After searching the record on appeal and finding no arguable question of law that was not frivolous, Dawson's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), asking this court to search the record for fundamental error.  This court granted counsel's motion to allow Dawson to file a supplemental brief *in propria persona*, but Dawson did not do so.  After reviewing the entire record, we find no fundamental error and, therefore, affirm Dawson's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

¶2        We view the facts in the light most favorable to sustaining the jury's verdicts and resolve all reasonable inferences against Dawson.  *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998) (citation omitted).

¶3        Dawson presented a fifty-dollar counterfeit bill at a bar as payment for his six-dollar drink.  The bartender questioned the authenticity of the fifty-dollar bill and the police were called; Dawson was arrested.

¶4        Dawson's first trial resulted in mistrial due to a hung jury.  During retrial, the State called a bartender as a witness.  The bartender testified that once he determined the fifty-dollar bill was counterfeit, he followed bar's policy of providing change and alerting the manager.  The bar's general manager gave corroborating testimony.

¶5        A police officer testified she was the first to arrive at the bar.  The officer testified Dawson originally had no explanation for where he obtained the counterfeit bill and that while Dawson was escorted to the patrol vehicle additional counterfeit bills fell out of Dawson's pants.  After more counterfeit bills were located on Dawson's person, he stated he had

sold a cell phone to a woman inside the bar for $500 and that she paid him with the counterfeit bills. A review of video footage did not substantiate Dawson's version of events.

¶6 A detective testified as an expert on fraudulent currency. The detective determined the bills were fraudulent based on: matching serial numbers, lack of press marks, lack of a rough texture, lack of microprinting, use of the wrong material, and lack of a watermark.

¶7 At the close of the State's case-in-chief, the defense moved for a judgment of acquittal under Arizona Rule of Criminal Procedure ("Rule") 20 and the court denied the motion. Dawson was permitted to present closing arguments on his own behalf.

¶8 Before deliberations, the jury was instructed on the law. The court explained the presumption of innocence, the weight to give testimony, the elements of the charge, the requirement of a unanimous verdict, and the State's burden of proof.

¶9 The jury returned a guilty verdict on all counts. Thereafter, the same jury was instructed on the State's allegation of aggravating factors. The jury returned unanimous verdicts determining these aggravating factors were proven: financial harm to the bar (counts 1-2); and the offense was committed for pecuniary gain (counts 1-10). Additionally, Dawson admitted to two previous felony convictions.

¶10 The superior court conducted a sentencing hearing in compliance with Dawson's constitutional rights and Rule 26. The superior court considered the presentence report and Dawson's allocution at the sentencing hearing. The superior court found Dawson's drug addiction, Dawson's mother's failing health, and his age were mitigating factors which outweighed the aggravating factors found by the jury.

¶11 The court sentenced Dawson as follows: count 1, the presumptive term of 15.75 years' imprisonment; counts 2-10, 15, and 27, a term of ten years' imprisonment as to each; and count 11, six months' imprisonment. All sentences were ordered to be served concurrently. Dawson received 886 days of presentence incarceration credit towards counts 1-11 and 798 days of presentence incarceration credit towards counts 15 and 27.

## DISCUSSION

¶12 We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find

none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The record shows defense trial counsel represented Dawson at all stages of the proceeding; except for closing arguments where Dawson was granted his request to proceed *pro per* with defense trial counsel acting in an advisory capacity.

¶13 The evidence presented at trial was substantial and supports the verdicts. The jury was properly comprised of twelve members and the court properly instructed the jury on the elements of the charges, Dawson's presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict. The superior court received and considered a presentence report, Dawson was given an opportunity to speak at sentencing, and his sentences were within the range of acceptable sentences for his offenses.

¶14 We decline to order briefing and affirm Dawson's convictions and sentences.

¶15 After the filing of this decision, defense counsel's obligations pertaining to Dawson's representation in this appeal have ended. Defense counsel need do no more than inform Dawson of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

¶16 Dawson has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review or motion for reconsideration.

## CONCLUSION

¶17 For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA